UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES SEWARD, Individually, and on Behalf of all Others Similarly Situated,

    Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

---

No. 08 CIV 3976 (KMK)

ECF CASE

ANSWER OF DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION

    Defendant International Business Machines Corporation ("Defendant"), for its Answer to the Complaint of Plaintiff Charles Seward ("Plaintiff"), states as follows.

### FIRST DEFENSE

    1.    Defendant admits that Plaintiff purports to bring an action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and that Plaintiff seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief, and Defendant denies the remaining allegations in Paragraph 1.

    2.    Defendant admits that this Court has jurisdiction over this matter. Defendant denies any remaining allegations in Paragraph 2.

    3.    Defendant admits that venue in this District is appropriate. Defendant denies any remaining allegations in Paragraph 3.

    4.    Defendant admits that Charles Seward is the Plaintiff in this matter. Defendant denies that there are any other plaintiffs and denies that this matter is maintainable as a collective action. Defendant denies any remaining allegations in Paragraph 4.

5.      Defendant admits that, in the three years prior to the filing of Plaintiff's Complaint, Defendant employed Plaintiff in Atlanta, Georgia and that Plaintiff held positions including Senior Teleservices Representative and CRM Delivery Analyst.  Defendant further admits, based upon information and belief, that Plaintiff is a present resident of Stockbridge, Georgia, and that he resided in Georgia during the three year time period preceding the filing of his Complaint.  Defendant denies the remaining allegations in Paragraph 5.

6.      Defendant states that Paragraph 6 of Plaintiff's Complaint states a legal conclusion to which no response is required.

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant admits that it is a corporation that does business in New York and other locations throughout the world.  Defendant admits that its corporate offices are located at New Orchard Road, Armonk, New York 10504, with a mailing address of 1133 Westchester Avenue, White Plains, New York 10604.  Defendant denies the remaining allegations in Paragraph 7.

9.      Defendant states that Paragraph 9 of Plaintiff's Complaint states a legal conclusion to which no response is required.

10.      Defendant admits that it is a corporation and that its areas of operation include information technology services.  Defendant further admits that it maintains facilities in New York and other locations.  Defendant denies the remaining allegations in Paragraph 10.

11.      Defendant admits that it employs and has employed certain employees who work in call centers and that some of these employees provide customer service to customers throughout the United States.  Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that, in the three years prior to the filing of Plaintiff's Complaint, Defendant employed Plaintiff in positions including Senior Teleservices Representative and CRM Delivery Analyst. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies the remaining allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant admits that, in the three years prior to the filing of Plaintiff's Complaint, Defendant employed Plaintiff in positions including Senior Teleservices Representative and CRM Delivery Analyst. Further responding, Defendant states that Plaintiff's allegations as to his "primary duty" are legal conclusions to which no response is required. Defendant denies any and all allegations in Paragraph 14 not expressly admitted.

15. Defendant admits that it employs and has employed persons other than Plaintiff in its call centers. Further responding, Defendant states that Plaintiff's allegations as to any individual's "primary duty" are legal conclusions to which no response is required. Defendant denies any and all allegations in Paragraph 15 not expressly admitted.

16. Defendant admits that it employs and has employed individuals other than Plaintiff in Senior Teleservices Representative and CRM Delivery Analyst positions. Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits that it formerly employed Plaintiff and that it employs and has employed other individuals in Senior Teleservices Representative and CRM Delivery Analyst positions. Defendant also admits that it maintains certain employment policies. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies the remaining allegations in Paragraph 17.

COI-1400164v2

18. Defendant denies the allegations in Paragraph 18.

19. Defendant admits that it compensated Plaintiff on an hourly basis. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant admits that it classified Plaintiff Charles Seward as non-exempt from Fair Labor Standards Act overtime requirements and that Defendant properly paid Plaintiff at all times. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies any remaining allegations in Paragraph 27.

28. Defendant states that Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. In response to Paragraph 31, Defendant states that its responses to the allegations in Paragraphs 1 through 30 are incorporated herein as if fully set forth.

32. Defendant admits that Plaintiff purports to bring this action on behalf of other persons and that he seeks certain relief. Defendant denies that Plaintiff, or any other person, is

entitled to relief in this matter. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies the remaining allegations in Paragraph 32.

    33.    Defendant denies the allegations in paragraph 33.

    34.    Defendant denies the allegations in Paragraph 34.

    35.    Defendant denies the allegations in Paragraph 35.

    36.    In response to Paragraph 36, Defendant states that its responses to the allegations in Paragraphs 1 through 35 are incorporated herein as if fully set forth.

    37.    Defendant admits that Plaintiff purports to bring this action on behalf of other persons and that he seeks certain relief. Defendant denies that Plaintiff, or any other person, is entitled to relief in this matter. Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees, and Defendant denies the remaining allegations in Paragraph 37.

    38.    Defendant denies the allegations in Paragraph 38.

    39.    Defendant denies the allegations in Paragraph 39.

    40.    Defendant denies the allegations in Paragraph 40.

    41.    In response to Paragraph 41, Defendant states that its responses to the allegations in Paragraphs 1 through 40 are incorporated herein as if fully set forth.

    42.    Defendant denies the allegations in Paragraph 42.

    43.    Defendant denies that Plaintiff is similarly situated to any of Defendant's current or former employees. Further responding, Defendant states that the remaining allegations in Paragraph 43 of Plaintiff's Complaint are a legal conclusion to which no response is required.

44. Defendant states that Paragraph 44 of Plaintiff's Complaint states a legal conclusion to which no response is required.

45. Defendant states that Paragraph 45 of Plaintiff's Complaint states a legal conclusion to which no response is required.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant states that Paragraph 47 of Plaintiff's Complaint states a legal conclusion to which no response is required.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies each and every allegation not specifically admitted herein. Defendant denies that Plaintiff or anyone else is entitled to the relief requested in the Complaint's Prayer for Relief.

## SECOND DEFENSE

54. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

55. Defendant acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and other employees.

## FOURTH DEFENSE

56. Plaintiff's claims and the claims of any potential opt-ins are barred to the extent that they qualified for any applicable exemption.

**FIFTH DEFENSE**

57.     Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b) because Plaintiff is not similarly situated to potential opt-ins, Plaintiff has not defined potential opt-ins clearly and objectively, and Plaintiff cannot adequately represent the interests of the potential opt-ins.

**SIXTH DEFENSE**

58.     Plaintiff's attempt to pursue this case as a collective action fails because an independent and individual analysis of Plaintiff's claims and the claims of each potential opt-in and each of Defendant's defenses is required.

**SEVENTH DEFENSE**

59.     Plaintiff's attempt to pursue this case as a collective action violates the Defendant's constitutional rights to a jury trial and to due process.

**EIGHTH DEFENSE**

60.     The claims of Plaintiff and potential opt-ins are barred, in whole or in part, because the time periods for which they are claiming entitlement to overtime pay fall within the *de minimus* exception.

**NINTH DEFENSE**

61.     The claims of Plaintiff and potential opt-ins are barred as to all hours during which Plaintiff and potential opt-ins were engaged in activities that were preliminary or postliminary to their principal activities.

**TENTH DEFENSE**

62.     The claims of Plaintiff and potential opt-ins are barred as to all hours allegedly worked that Defendant did not suffer or permit to be worked and/or of which Defendant lacked actual or constructive knowledge.

COI-1400164v2

**ELEVENTH DEFENSE**

63. The claims of Plaintiff and potential opt-ins are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA.

**TWELFTH DEFENSE**

64. The claims of Plaintiff and potential opt-ins are barred by the doctrines of waiver, laches, estoppel, set-off or unclean hands.

**THIRTEENTH DEFENSE**

65. Plaintiff's claims and/or the claims of potential opt-ins are barred, in whole or in part, by applicable statutes of limitations.

Defendant reserves the right to amend this Answer and add additional defenses as discovery may warrant.

WHEREFORE, Defendant respectfully requests that this Court dismiss the Complaint with prejudice and award Defendant its costs and attorneys' fees.

Dated:  June 6, 2008                                              JONES DAY


By: /s/ Craig S. Friedman
Wendy C. Butler  (WB-2539)
wbutler@jonesday.com
Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939

Attorneys for Defendant
International Business Machines Corporation