# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017-6702
TELEPHONE: 212-326-3939 • FACSIMILE: 212-755-7306

JP657128:emr
383681-064019                        August 8, 2008

VIA ECF FILING AND
REGULAR U.S. MAIL

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 11722

     Re:   Seward v. International Business Machines Corp.
           Case No. 08 CV 3976

Dear Judge Karas:

     Pursuant to Your Honor's Individual Rule of Practice II.A, this letter constitutes Defendant International Business Machines Corporation's ("IBM's" or the "Company's") response to Plaintiff Charles Seward's August 5, 2008 notification letter requesting leave to file a motion for conditional certification and court-supervised notice. While IBM does not oppose Seward's request for leave, it will oppose the motion itself, and the Company respectfully requests that the Court set a conference to discuss the request as contemplated by the Court's Rule of Practice II.A.[1] Among other things, the Court could address a briefing schedule at the conference.

     By way of background, this case is a Fair Labor Standards Act ("FLSA") matter, filed on April 28, 2008. Seward alleges that he worked "off-the-clock," without receiving all earned overtime compensation. (Complaint, Docket Entry No. 1, at ¶ 24.) Seward seeks to pursue his claims on behalf of a class that would include certain "current and former Call Center employees employed by Defendant IBM in Georgia and throughout the United States." (Id. at ¶ 12.) IBM denied Seward's allegations and denied that Seward or any other individual is entitled to recover in this case. (Answer, Docket Entry No. 8.)

     Although it is premature to address the merits of Seward's anticipated motion, IBM points out that it disagrees with Seward's characterization of the applicable standards and burdens for motions for conditional certification. While courts have discretion to conditionally certify classes for notice purposes under the FLSA, they may exercise this discretion only "in appropriate cases." Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989); see also 29

---

[1] Seward's notice letter does not specifically request a pre-motion conference, but the Company assumes that he seeks one since such a conference "is required" by this Court's Individual Rules of Practice. Individual Rules of Practice § II.A.

COI-1404865v3

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Kenneth M. Karas
August 8, 2008
Page 2

U.S.C. § 216(b).  The "plaintiff bears the burden" of establishing the propriety of class notice, Holt v. Rite Aid Corp., 333 F. Supp.2d 1265, 1270 (M.D. Ala. 2004), and, to do so, he must "demonstrate[] that potential class members are 'similarly situated.'" Mike v. Safeco Ins. Co., 274 F. Supp.2d 216, 220 (D. Conn. 2003) (quoting 29 U.S.C. § 216(b)).  The plaintiff cannot rely on mere allegations, but rather must make at least "a modest factual showing" demonstrating that notice is warranted.  Id.  Moreover, a court's decision on a motion requesting conditional certification and notice must be made on all evidence submitted, not simply the evidence adduced by the moving party.  See Holt, 333 F. Supp.2d at 1274 n.4.

Under these standards, Seward's burden is not insubstantial.  In off-the-clock cases, this court and others regularly deny requests for conditional certification and notice where the plaintiff fails to meet his or her burden.  In this case, Seward seeks to represent a sprawling class of individuals who work or worked in many different locations, for many different supervisors, and under many different working conditions.  IBM respectfully submits that Seward will be wholly unable to meet the burden necessary to support conditional certification.  Thus, while IBM will not oppose Seward's request to file his proposed motion, it will strongly oppose the motion itself.

As noted, IBM is available at the Court's convenience for the required pre-motion conference to discuss the timing of Seward's proposed motion and any other matter that the Court wishes to address.  We look forward to answering any questions that the Court may have.

Respectfully Submitted,

Wendy C. Butler

cc:    Erik H. Langeland (by ECF and regular mail)
       Ryan F. Stephan (by ECF and regular mail)
       James B. Zouras (by ECF and regular mail)
       Jon A. Tostrud (by regular mail)

COI-1404865v3