COURTESY COPY
ORIGINAL FILED VIA ECF

LAW OFFICES OF
**ERIK H. LANGELAND, P.C.**
500 FIFTH AVENUE, SUITE 1610
NEW YORK, NY 10110
PHONE (212) 354-6270
FAX (212) 898-9086

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

August 5, 2008

**MEMO ENDORSED**

VIA ECF FILING
Honorable Judge Kenneth M. Karas, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 11722

    Re:    <u>Charles Seward et al. v. International Business Machines, Corp. d/b/a IBM Corp.</u>
            Case No. 08 CV 3976

Dear Honorable Judge Karas:

Plaintiff Charles Seward worked as a call center employee for Defendant IBM in exchange for an hourly wage. IBM, however, required that Seward—and other call center employees—work additional "off the clock" hours for which they were not paid as a matter of companywide policy. This common scheme to illegally deprive call center employees of minimum wages and overtime pay affected employees in IBM's call centers located throughout the United States. Seward brought this case to recover unpaid wages and overtime under the Fair Labor Standards Act on behalf of himself and all other IBM call center employees. 29 U.S.C. § 201 et seq. Seward submits this pre-motion conference letter to request leave to file a motion for conditional certification of this case and to issue notice to similarly aggrieved call center employees so that they may decide whether to join it.

Unlike a traditional class action, the FLSA collective action claims are not tolled by the filing of the Complaint. See, <u>Hoffman-LaRoche v. Sperling</u> 493 U.S. 165, 169 (1989); <u>Hoffman v. Sbarro, Inc.</u>, 982 F.Supp. 249, 260 (S.D.N.Y. 1997). Each individual worker must opt-in to the case, in order to toll the statute of limitations period. 29 U.S.C. §255(a); <u>see also</u>, <u>Herman v. RSR Sec. Servs. Ltd.</u>, 172 F.3d 132, 141 (2nd Cir. 1999) (the applicable statute of limitations is either two years or three years where the defendant's violations of the FLSA are willful);

1

COURTESY COPY
ORIGINAL FILED VIA ECF

Lewis v. National Financial Systems, Inc., 2007 WL 2455130, at *2 (E.D.N.Y. Aug. 23, 2007); Mazur v. Olek Leibzon & Co., 2005 WL 3240472, at *4 (S.D.N.Y. 2005).

To serve the "broad remedial purpose" of the FLSA, courts may direct that notice of a collective action be sent to other potential "similarly situated" employees, so that they have an opportunity to opt-in to the case. Hoffman-LaRoche, 493 U.S. at 172; Hoffman, 982 F.Supp. at 260; Lewis, 2007 WL 2455130 at *2. Court-supervised notice is the best method for notifying potential stakeholders that they may have a claim. Hoffman-LaRoche, 493 at 172; Hoffman, 982 F. Supp. at 260.

Court-supervised notice, moreover, avoids "multiplicity of duplicative suits" and protects claims from expiring under the statute of limitations. Hoffman-LaRoche, 493 at 172. This procedure also allows claims to be efficiently adjudicated, so that all "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join together to prosecute their claims. Id.

Courts typically employ a two-step process in evaluating whether to certify a collective action. E.g., Lewis, 2007 WL 2455130 at *2; Lynch v. United Servs. Auto. Ass'n, 491 F.Supp2d 357, 367-8 (S.D.N.Y. 2007); see also, Iglesias-Mendoza v. La Belle Farms. Inc., 239 F.R.D. 363, 367 (S.D.N.Y. 2007). In the first-step, Courts look to the pleadings and affidavits to determine whether the potential class members are "similarly situated," under a lenient evidentiary standard. Patton v. Thomson Corp., 364 F.Supp.2d 263, 267 (E.D.N.Y. 2005); see also, Gjurovich v. Emmanuel's Marketplace. Inc., 282 F.Supp2d 101, 104 (S.D.N.Y. 2003). "The burden for demonstrating that the potential plaintiffs are similarly situated is 'very low at the notice stage.'" Dumitrescu v. Mr. Chow Enterprises, Ltd., 2008 WL 2600667 at *3 (S.D.N.Y. 2008)(citing Lynch, 491 F.Supp2d at 368). If a Court finds that the prospective plaintiffs are "similarly situated," then the Court conditionally certifies the class and permits notice to be sent to the proposed plaintiffs. Patton, 364 F.Supp2d at 267; see also, Guzman v. VLM, Inc., 2007 WL 2994278, at *2 (E.D.N.Y. 2007). Then, during the second-step, the plaintiffs may move to formally certify the collective action, and the defendants may move to decertify the collective, if discovery reveals that the plaintiffs are not similarly situated. Hoffman v. Sbarro. Inc., 982 F.Supp.2d 249, 262 (S.D.N.Y. 1997).

While neither the "FLSA nor its implementing regulations defines the term 'similarly situated,' plaintiffs need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victim of a common policy or plan that violated the law." Patton, 364 F.Supp.2d at 267; see also, Hoffman, 982 F.Supp.2d at 261; Gjurovich, 282 F.Supp.2d at 104. (emphasis added). It is well settled that in evaluating whether potential plaintiffs are

2

COURTESY COPY
ORIGINAL FILED VIA ECF

"similarly situated," for purposes of a motion for conditional certification of an FLSA collective action, "the burden on plaintiffs is not a stringent one, and the court need only reach a preliminary determination that potential plaintiffs are 'similarly situated.'" Guzman, 2007 WL 2994278, at*2; see also, Hoffman, 982 F.Supp. at 261, citing, Jackson v. New York Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995). Plaintiffs' burden is minimal, in part, because the Court's decision to direct notice is a "preliminary" one that may be modified or reversed after the parties have engaged in discovery. Gjurovich, 282 F.Supp.2d at 104.

The detailed allegations of Seward's complaint along with declarations of several other IBM call center employees from various locations throughout the country and other materials will adequately show that Seward and other call center employees were subject to an illegal pay plan or policy which deprived them of minimum wages and overtime. Accordingly, because the statute of limitations continues to extinguish or diminish the claims of other call center employees, Seward requests that the Court grant him permission to file a motion for conditional certification at this time.

Respectfully yours,

/s/ Erik H. Langeland
ERIK H. LANGELAND
Erik H. Langeland
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
elangeland@langelandlaw.com

ATTORNEY FOR PLAINTIFFS

EHL:ar

*The Court will hold a pre-motion conference on September 16, 2008, at 2:00.*

SO ORDERED
KENNETH M. KARAS U.S.D.J.
8/11/08

3