# EXHIBIT 19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES SEWARD, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiff, | ) ) Case No. 08 CV 3976 (KMK/MDF) |
| v. | ) ) ECF CASE |
| INTERNATIONAL BUSINESS MACHINES CORPORATION D/B/A IBM CORP. | ) ) ) ) ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiff Charles Seward ("Seward"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, for his Amended Complaint against Defendant International Business Machines Corporation, d/b/a IBM Corp. ("IBM") states as follows:

## JURISDICTION AND VENUE

1. This is an action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*, for violation of the FLSA's overtime provisions.

2. Jurisdiction over Plaintiff's FLSA claims is based on Section 16(b) of the FLSA, 29 U.S.C. §16(b) and 28 U.S.C. §1331

3. Venue is appropriate under 28 U.S.C. §1391(b) and (c) because Defendant IBM is headquartered in the State of New York. Venue is also appropriate here because a substantial part of the events giving rise to these claims occurred in this District.

## PARTIES

4. Plaintiff is the individual named above, Charles Seward, and the current and former Call Center Employees employed by IBM, who have been victimized by Defendant IBM's illegal compensation practices.

5. Plaintiff Seward was employed by Defendant IBM as a Call Center Employee in Atlanta, Georgia within the last three years. Plaintiff Seward currently resides in Stockbridge, Georgia. At the time the cause of action accrued, Plaintiff Charles Seward was a resident of Georgia.

6. Plaintiff is an "employee" as defined by 29 U.S.C. §203(e).

7. Pursuant to 29 U.S.C. §16(b) of the FLSA, Plaintiff Seward's written consent to become a party plaintiff is attached hereto as Exhibit A.

8. Defendant IBM is a company doing business worldwide, including but not limited to the State of New York. Defendant IBM's corporate headquarters is located at New Orchard Road, Armonk, New York 10504, mailing address 1133 Westchester Avenue, White Plains, New York 10604.

9. Defendant is an "employer" as defined by 29 U.S.C. §203(d).

## FACTS

10. Defendant IBM is a computer company that maintains offices in New York and throughout the United States.

11. Through its Call Center Employees, Defendant IBM provided customer service to customers throughout the United States.

12. Plaintiff Seward and all similarly situated employees are current and former Call Center Employees employed by Defendant IBM in Georgia (collectively referred to herein as "Plaintiffs").

2

13. All Call Center Employees employed by Defendant IBM over the last three years had essentially the same or similar job duties.

14. Pursuant to Defendant IBM's uniform employment policies, Plaintiff Seward's primary duty was to field phone calls relating to customer service for IBM.

15. Defendant IBM also employed and employs other Call Center Employees whose primary duty was to field phone calls relating to customer service for IBM. Defendant IBM employed and employs these Call Center Employees in Atlanta, Georgia.

16. Defendant IBM employed and employs other Call Center Employees who performed the same or similar duties as Plaintiff Seward.

17. Defendant IBM managed Plaintiff Seward's and all other similarly situated employees' employment, including the amount of overtime required to be worked. Defendant IBM dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendant IBM's offices located across the country from their corporate headquarters in New York.

18. Upon information and belief, Defendant IBM's wage and hour practices and policies are uniform and disseminated from Defendant IBM's corporate headquarters in Armonk, New York.

19. Per Defendant IBM's uniform company-wide policies, Plaintiff Seward and all similarly situated employees were compensated on an hourly basis.

20. Per Defendant IBM's uniform company-wide policies, Plaintiff Seward and all similarly situated employees did not receive overtime pay.

21. During the statutory period, Plaintiff Seward and other similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation by,

3

among other things, coming in early to boot-up their computers, logging-in to IBM's software systems, and initiating numerous software applications.

22. Plaintiff Seward was not paid for any of the hours worked in excess of forty (40) per workweek.

23. The other Call Center Employees, who were similarly situated to Plaintiff Seward, were not paid for any of the hours worked in excess of forty (40) per workweek.

24. Defendant knew Seward and other similarly situated employees were working off-the-clock by, among other things, performing tasks such as booting up their computers, logging-in to software programs, and initiating software programs.

25. In accordance with Defendant IBM's company-wide employment policies, Defendant IBM did not pay Plaintiff Seward or other similarly-situated employees overtime compensation during their employment.

26. Plaintiff Seward and all other similarly situated employees were not required to record all their time worked and Defendant IBM failed to maintain accurate time records as required by the FLSA of the time worked by Plaintiff Seward and all other similarly situated employees.

27. At all times herein relevant, Defendant classified Plaintiff and other similarly situated employees as non-exempt.

28. At all times herein relevant, the FLSA, 29 U.S.C. §207, required employers to pay employees one and one-half times their regular rate of pay for all hours worked over forty hours per workweek.

29. Despite Defendant's classification of Plaintiffs as non-exempt, Defendant intentionally, willfully, and improperly failed to pay overtime wages and other benefits to Plaintiffs in violation of the FLSA.

4

30. As a result of Defendants' wrongful conduct, Plaintiffs have been damaged in amounts to be proven at trial.

## GENERAL ALLEGATIONS

31. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty (30) above.

32. Plaintiff Seward individually, and on behalf of all similarly situated current and former employees of Defendant IBM, its subsidiaries and affiliated companies, brings this action as a collective class action under the FLSA to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff Seward and all other similarly situated Call Center Employees employed by, or formerly employed by, Defendant IBM, its subsidiaries and affiliated companies in Atlanta, Georgia.

33. Defendant IBM's routine practice of failing to pay Plaintiff Seward and all similarly situated employees overtime compensation when these employees worked in excess of forty (40) hours per week violates the provisions of the federal FLSA, 29 U.S.C. §§ 201 *et seq*, specifically § 207(a)(1).

34. Defendant IBM intentionally, willfully, and improperly failed to pay overtime wages to Plaintiff Seward and all similarly situated employees during their employment despite classifying them as non-exempt or eligible for overtime pay.

35. This failure to pay overtime by Defendant IBM to Plaintiff Seward and all similarly situated employees working more than 40 hours per week is a direct violation of the FLSA.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

36. Plaintiffs reassert and re-allege the allegations set forth in paragraphs one (1) through thirty-five (35) above.

5

37. Plaintiff Seward seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b). Plaintiff, individually and on behalf of all similarly situated employees, seeks relief on a collective basis challenging Defendant's practice of failing to record all hours worked and failing to pay overtime for all overtime hours worked.

38. Plaintiff Seward and other Call Center Employees are similarly situated because their job duties primarily consisted of providing customer service by telephone at Defendant's call centers. Plaintiff and other Call Center Employees are also similar because Defendant's policy is to regularly pay its Call Center Employees only for their scheduled hours, which usually consists of an eight hour shift, rather than paying them for all of the time they actually worked. Defendant required its Call Center Employees to arrive at work before their scheduled shifts to perform essential tasks such as booting up their computers, starting computer applications and performing other duties so they are ready to field customer calls immediately at the start of their scheduled shift. Because Defendant requires all Call Center Employees to be ready to work at least 10-15 minutes before their shift, they necessarily and regularly arrive at the call center well in advance of their scheduled shift time. Defendant also uniformly requires its Call Center Employees to work after their shift ends to complete calls they are handling.

39. In addition, Defendant was aware that the similarly situated individuals also performed work for Defendant during their meal breaks, for which they were not paid. The work that the similarly situated employees performed during meal and rest breaks includes, but is not limited to, engaging in phone calls with customers.

40. On information and belief, the amount of uncompensated time Plaintiff and the similarly situated employees spend or have spent on these required and unpaid work

6

activities amounts to on average approximately thirty minutes per day per person. On information and belief, this time spent by these employees can range from at least fifteen minutes per day, to over sixty minutes per day and typically resulted in overtime hours

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
## 29 U.S.C. § 201 ET SEQ.
## UNPAID WAGES/OVERTIME CLAIM

41. Plaintiffs reassert and re-allege paragraphs one (1) through forty (40) above.

42. The current and former similarly situated employees on whose behalf Plaintiff Seward asserts this claim are similarly situated because they are or were employed by Defendant IBM in the same or similar positions as Plaintiff Seward and because they are or were subjected to the same unlawful compensation practices as Plaintiff Seward.

43. At all times material to this action, Plaintiff Seward and all similarly situated employees are and have been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 201 *et seq.*

44. The FLSA regulates the payment of overtime wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

45. Defendant IBM was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

46. Defendant IBM willfully violated the FLSA by failing to pay their Call Center Employees overtime. In the course of perpetrating these unlawful practices, IBM has also willfully failed to keep accurate records of all hours worked by Call Center Employees.

7

47. The FLSA, 29 U.S.C. § 207(a)(1) requires that an employee be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

48. Plaintiff Seward and all other Call Center Employees regularly worked more than forty (40) hours per workweek for Defendant IBM, but were not paid overtime.

49. Plaintiff Seward and all similarly situated employees are victims of a uniform company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all Call Center Employees and deprives them of overtime.

50. Plaintiff Seward and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay for the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant IBM acted willfully and knew or showed reckless disregard for the matter of whether its conduct was prohibited by Section (a) of the Portal-to-Portal Act, as amended, 29 U.S.C. §255.

51. Defendant IBM has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Seward and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to section 16(b) of the FLSA. Alternatively, should the Court find Defendant IBM has not acted willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforementioned willful violations of the FLSA, Defendant IBM has unlawfully withheld overtime pay from Plaintiff Seward and all similarly situated employees for which Defendant IBM is liable under 29 U.S.C. §216(b), together with an equal amount

as liquidated damages, prejudgment and postjudgment interest, reasonable attorneys' fees and costs of this action.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Charles Seward, individually and on behalf of all others similarly situated, by and through their attorneys, Erik H. Langeland, P.C., Stephan Zouras, LLP and Cuneo Glibert and LaDuca demands judgment against the Defendant International Business Machines Corporation, d/b/a IBM, Corp., and in favor of Plaintiff Seward and all others similarly situated, for a sum that will properly, adequately, and completely compensate Plaintiff Seward and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

1. Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Call Center Employees employed by Defendant in Atlanta, Georgia who currently work or have worked for the Defendant within the last three (3) years;

2. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all current and former Call Center Employees employed by the Defendant in Atlanta, Georgia during the three (3) years immediately preceding this action, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty (40) hours in a week during the liability period, but were not paid overtime as required by the FLSA;

3. Declare and find that Defendant committed one or more of the following acts:

    a. Violated overtime provisions of the FLSA by failing to pay overtime

9

wages to Plaintiff and similarly situated persons who opt-in to this action; and,

    b.    Willfully violated overtime provisions of the FLSA;

4.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

5.    Award interest on all overtime compensation due accruing from the date such amounts were due;

6.    Award an equal amount as liquidated damages;

7.    Award all costs and attorney's fees incurred prosecuting this claim;

8.    Grant leave to amend to add claims under applicable state laws;

9.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

10.    Grant such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: November 13, 2008

Respectfully Submitted,

_____
Erik H. Langeland
Erik H. Langeland, P.C.
500 Fifth Avenue, Suite 1610
New York, NY 10110
(212) 354-6270
(212) 898-9086 (Fax)
Elangeland@langelandlaw.com

Jonathan W. Cuneo
Jon A. Tostrud
R. Brent Walton
Cuneo Gilbert & LaDuca, LLP

507 C. St., NE
Washington, D.C. 20002
Telephone (202) 789-3960
Fax (202) 789-1813

James B. Zouras
Ryan F. Stephan
Stephan Zouras, LLP
205 North Michigan Avenue
Suite 2560
Chicago, Illinois 60601
Telephone: (312) 233 1550
Facsimile: (312) 233 1560