Matthew W. Lampe (ML-2602)
mwlampe@jonesday.com
Wendy C. Butler (WB-2539)
wbutler@jonesday.com
Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Matthew W. Ray (*pro hac vice*)
mwray@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939

Attorneys for Defendant
International Business Machines Corporation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X

| | |
|---|---|
| **CHARLES SEWARD, Individually and on Behalf of All Others Similarly Situated,** ) ) ) | No. 08 CV 3976 (KMK) |
| Plaintiff, ) ) | ECF CASE |
| -against- ) ) ) | **DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED AS A COLLECTIVE ACTION AND TO FACILITATE NOTICE UNDER 29 U.S.C. § 216(B)** |
| **INTERNATIONAL BUSINESS MACHINES CORPORATION,** ) ) ) | |
| Defendant. ) ) | |

-------------------------------------------------------- X

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.  THE REIDY E-MAIL DOES NOT
    SUPPORT CONDITIONAL CERTIFICATION ............................................................1

II. SEWARD'S "AUDIT" OF PHONE LOGS DOES NOT
    SUPPORT CONDITIONAL CERTIFICATION ............................................................2

III. PAYROLL DATA DOES NOT
     SUPPORT CONDITIONAL CERTIFICATION ............................................................4

CONCLUSION ..................................................................................................................5

## TABLE OF AUTHORITIES

**Page**

### CASES

*Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862 (S.D. Ohio 2005)..........................................3

*Hinojos v. Home Depot, Inc.*, 2006 WL 3712944 (D. Nev. Dec. 1, 2006).....................................4

### STATUTES & RULES

29 U.S.C. § 216(b) ...............................................................................................................1

29 C.F.R. § 785.19(a) ..........................................................................................................3

In its Memorandum in Opposition ("Opposition"), International Business Machines Corporation ("IBM" or the "Company") demonstrated that conditional certification should be denied for two primary reasons. First, while Named Plaintiff Seward asks this Court to certify a class on a pre-shift overtime claim, he has not shown that his putative class is subject to a uniform pre-shift overtime requirement; to the contrary, the undisputed evidence shows that it is not. Second, even if Seward could establish that all call center representatives ("CCRs") at Riveredge work pre-shift overtime – which he cannot – he has made no showing that he and his putative class members were subject to a common policy or plan to deny compensation for such work. Indeed, he expressly concedes that IBM's policy is to fully compensate employees for pre-shift work, including time spent logging on to computer systems.

Seward responded to IBM's arguments by attaching three new pieces of evidence to his Reply ("Reply") in Support of his Motion to Proceed as a Collective Action and to Facilitate Notice Under 29 U.S.C. § 216(b) ("Motion"). But these attachments (Reply Exhs. A-C) do nothing to fill the gaps in Seward's evidence. Accordingly, Seward still has not satisfied his evidentiary burden and conditional certification should be denied.

**I.     THE REIDY E-MAIL DOES NOT SUPPORT CONDITIONAL CERTIFICATION**

Seward initially directs this Court to an August 11, 2008 e-mail authored by Vicki Reidy ("Reidy"), who manages the Intel Server SmartCenter. (Reply Exh. A.) Seward's reliance on this e-mail is misplaced.

As an initial matter, the Reidy e-mail does not support Seward's claim (Reply at 2) that Riveredge's CCRs, as a whole, are subject to an early reporting mandate. In particular, and as with the Lambousis and Kamprath e-mails that Seward referenced in his Motion (at 6-8; *see also* Opposition at 11-14), the Reidy e-mail was sent to exactly one team: the Intel Server SmartCenter (Reply at 3, Exh. A). Reidy did not direct her e-mail to any of the eighteen teams

that IBM identified in its Opposition (at 4-6, 11-12) as examples of groups that have no pre-shift reporting requirement.  (Reply at 3 (admitting that the Reidy e-mail was "sent . . . to a team not identified by Defendant") (emphasis in the original).)  The undisputed evidence before the Court, therefore, is that pre-shift reporting rules vary by team, which confirms that the baseline commonality needed to justify conditional certification is lacking here.

Moreover, even as to Reidy's team, the e-mail does not demonstrate the existence of an unlawful policy or plan.  To the contrary, Reidy addressed a staffing arrangement necessary to accommodate "fun day[s]" during which groups of IBM employees would make trips to "Andretti Indoor Karting and Games," and she specifically indicated that employees may need to work overtime during this time period.  (Reply Exh. A.)  Specifically, she wrote:

> Now, how do we make [the fun days] happen without our customers and SSRs feeling the impact?  You have [been] asked to make some sacrifices so that your peers can enjoy their fun day, just as much as you do – you may be asked to work different hours, OT, not take N days as scheduled, whatever else has to happen to cover calls and make this event work!!!  Just make sure you come to work, log in and available to take calls at your start time no special projects, just take calls.

(*Id.*)  In short, the e-mail contains not the slightest suggestion that CCRs should work overtime without reporting it.  Reidy's e-mail provides absolutely no basis for conditional certification in this case.

## II.     SEWARD'S "AUDIT" OF PHONE LOGS DOES NOT SUPPORT CONDITIONAL CERTIFICATION

Seward next references a spreadsheet, prepared by his counsel, that compares "CMS log-in and out data (which reflects Plaintiffs' log in and out times on IBM's telephone system) to the amount of time Plaintiffs were paid by IBM."  (Reply at 3-4, Exh. B.)  This spreadsheet is no more credible, or supportive of conditional certification, than Seward's declaration allegation of

-2-

"mass e-mails" directing people to work "off the clock," which he later recanted at deposition. (*Compare* Seward Dec. ¶ 30 *and* Seward Dep. 282:11-283:20; *see also* Opposition at 8-9, 18.)[1]

As a preliminary matter, Seward's spreadsheet does not demonstrate any common condition applicable to the proposed class. The spreadsheet concerns only Seward and three opt-in witnesses (Raymond Liles ("Liles"), James Starkey ("Starkey"), and Eugene Scott ("Scott")), and it provides absolutely no indication that these individuals are similarly situated to Seward's putative, facility-wide class. *See*, *e.g.*, *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 871 (S.D. Ohio 2005) (denying certification, noting that plaintiff "offered nothing but speculation to support her belief that other . . . employees were not paid all of the money to which they were entitled").

Moreover, in addition to being inaccurate in a number of respects, the spreadsheet is a completely disingenuous depiction of working hours. The spreadsheet is premised on the representation that Seward and his witnesses worked continuously from their initial phone log-in until their end-of-day phone log-out. (Reply at 4.) But Seward knows that this is not true. Among other things, Seward and his witnesses all conceded that, during their workdays, they received hour-long lunch breaks. (Seward Dep. 250:18-23; Scott Dep. 35:20-37:3; Starkey Dep. 36:8-9; Liles Dep. 61:12-62:13.)[2] Under the FLSA, bona fide lunch periods are <u>not</u> compensable working time. *See* 29 C.F.R. § 785.19(a) (providing that "[b]ona fide meal periods are not worktime" and that "[o]rdinarily 30 minutes or more is long enough for a bona fide meal period"). Seward chose to ignore the lunch breaks in his so-called "audit." (Reply at 3.)

---

[1] References to "Seward Dep." are to the deposition of Plaintiff Charles Seward. Excerpts of the Seward deposition cited in this Sur-Reply are attached to the Declaration of Matthew W. Ray, served January 16, 2009 and filed February 17, 2009. (Docket Entry 48.)

[2] References to "Scott Dep.," "Starkey Dep.," and "Liles Dep." are to the depositions of opt-ins Eugene Scott, James Starkey, and Raymond Liles. Excerpts of the Scott and Liles depositions cited in this Sur-Reply are attached to the Supplemental Declaration of E. Michael Rossman, filed herewith. Excerpts of the Starkey deposition cited in this Sur-Reply are attached to the Supplemental Declaration of Matthew W. Ray, filed herewith.

Thus, by way of example, Seward contends (Reply at 4) that, in May 2007, "Liles was not paid for over 10 hours worked" because he was "logged in to IBM's telephone system for 182 hours and 5 minutes, but was only paid for 173.34 hours." But even ten of Liles' one-hour lunch breaks in May (he worked 20 days that month), had Seward accounted for them, would have eliminated the purported discrepancy between the time Liles was logged into IBM's phone system and his compensation.

In sum, Seward's spreadsheet employs a methodology that is at best flawed, and at worst willfully misleading. The spreadsheet does not prove any violation of the FLSA, and it certainly does not demonstrate that conditional certification is warranted in this case.

### III. PAYROLL DATA DOES NOT SUPPORT CONDITIONAL CERTIFICATION

Finally, Seward points to a chart (Reply Exh. C) showing that witnesses Scott and Starkey received overtime payments, Seward himself received none, and witness Cathy Barday ("Barday") received overtime payments in some years and not others. Seward's reliance on this new material is off-base.

Once again, Seward's overtime chart does not constitute evidence of common practices. The chart provides information for only Seward and three opt-ins. It does not reach the issue of facility-wide practices. *See, e.g., Hinojos v. Home Depot, Inc.*, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006) (requiring evidence that extends beyond plaintiffs' own teams and situations).

Furthermore, the chart does not show that Seward, Barday, Starkey or Scott were deprived of overtime pay, let alone the existence of an unlawful class-wide policy or practice. At best, the chart shows that IBM has paid overtime to some employees but not others, that it paid overtime to some employees in some years but not others, and that amounts of annual overtime payments can vary significantly. This is unremarkable, and certainly not illegal. Like his

-4-

previous new exhibits, then, Seward's overtime chart does not demonstrate that conditional certification is appropriate in this case.

## CONCLUSION

For the foregoing reasons, as well as those detailed in IBM's Opposition, this Court should deny Seward's Motion in its entirety.

Dated: March 2, 2009                    JONES DAY

By: /s Craig S. Friedman
_____

Matthew W. Lampe (ML-2602)
mwlampe@jonesday.com
Wendy C. Butler (WB-2539)
wbutler@jonesday.com
Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Matthew W. Ray (*pro hac vice*)
mwray@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939

Attorneys for Defendant
International Business Machines Corporation