Matthew W. Lampe
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Matthew W. Ray (*pro hac vice*)
mwray@jonesday.com
Joanne R. Bush (*pro hac vice*)
jrbush@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939

Deborah A. Sudbury (*pro hac vice*)
dsudbury@jonesday.com
Craig S. Friedman
csfriedman@jonesday.com
JONES DAY
1420 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 581-3939

Attorneys for Defendant
International Business Machines Corporation

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES SEWARD, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>Defendant. | No. 08 CV 3976 (VB) (PED)<br><br>**ECF CASE**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF HIS APPEAL AND OBJECTIONS TO THE REPORT AND RECOMMENDATION TO DECERTIFY THIS CASE AS A COLLECTIVE ACTION** |

ATI-2508579v3

On January 20, 2012, after painstakingly analyzing an evidentiary record developed over a period of nearly four years, Magistrate Judge Davison concluded that Plaintiff Charles Seward ("Plaintiff" or "Seward") was not "similarly situated" under 29 U.S.C. § 216(b) to the thirty-nine person opt-in class that he sought to represent.  (R&R p. 39.)[1]  On February 6, 2012, Plaintiff filed his Objections to the Report and Recommendation, asserting a subclass argument that he held back from the Magistrate Judge (*see* R&R p. 54 ("neither party has requested [a subclass] approach")) in plain contravention of this Court's policy against "allowing litigants the option of waiting until a report is issued to advance additional arguments," *Whyte v. Brown*, 2012 WL 234424, at *1 (S.D.N.Y. Jan. 26, 2012) (Briccetti, J.).  Now, Plaintiff has resorted to filing a purported Reply[2] that is not authorized by the Federal Rules of Civil Procedure ("FRCP"), and that consists almost entirely of argument and evidence that was not presented to Magistrate Judge Davison, that contradicts positions Plaintiff has previously taken before the Magistrate Judge, and that in several regards is highly misleading.  The purported Reply should be struck from the record.

## ARGUMENT

### THE COURT SHOULD STRIKE PLAINTIFF'S REPLY IN SUPPORT OF HIS OBJECTIONS TO MAGISTRATE JUDGE DAVISON'S REPORT & RECOMMENDATION

"Federal Rule of Civil Procedure 72 only authorizes objections to a magistrate judge's report and recommendation and responses to those objections, *but not replies*."  *Duncan v. Cigna*

---

[1] Unless otherwise indicated, all abbreviated terms are defined in the same manner as in IBM's February 24, 2012 Response To Plaintiff's Appeal And Objections To The Report And Recommendation To Decertify This Case As A Collective Action.  (Docket Entry 173.)

[2] "Reply" refers to Plaintiff's March 5, 2012 Reply In Support Of His Appeal And Objections To The Report And Recommendation To Decertify This Case As A Collective Action (Docket Entry 174).

- 1 -

*Life Ins. Co*, 2011 WL 6960621, at *1 n. 1 (E.D.N.Y. Dec. 30, 2011) (emphasis added). Adhering to this limitation, courts routinely refuse to consider replies filed in support of Rule 72 objections. *See, e.g.*, *Duncan*, 2011 WL 6960621, at *1 n. 1 (court "will not consider plaintiff's reply in further support of his objections"); *see also Mordukhaev v. Daus*, 2010 WL 3792191, at *1 n. 1 (S.D.N.Y. Sept. 28, 2010) ("This Court declines to consider plaintiffs' reply memorandum given that [FRCP] 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report."); *In re MTC Elec. Techs. Shareholder Litig.*, 74 F. Supp. 2d 276, 281 n. 4 (E.D.N.Y. 1999) ("I did not consider the . . . plaintiffs' reply memorandum of law and accompanying affidavit [because] . . . [FRCP] 72(b) authorizes objections to a magistrate judge's report and recommendation and then responses . . . but not replies."). Accordingly, this Court should likewise refuse to consider Plaintiff's unauthorized Reply and should strike it from the record.

Indeed, not only is the Reply procedurally unauthorized and improper, but it (like the Objections themselves) flagrantly violates the principle that an argument not presented to the magistrate judge should not be entertained in an objection. *Whyte v. Brown*, 2012 WL 234424, at *1 (S.D.N.Y. Jan. 26, 2012) (Briccetti, J.) ("[i]f the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments").

For example, Plaintiff points (Reply pp. 1-2, Exh. A) to the class notice issued to putative FLSA opt-in class members to argue that this Court has already "approved [a] definition" of the opt-in class as "call-ready CCRs that performed unpaid pre-shift work," that IBM agreed to this alleged "class definition" and that, accordingly, IBM cannot object to Plaintiff's request for a subclass of "call ready" CCRs. That Plaintiff never presented this argument to Magistrate Judge

Davison is scarcely surprising because the argument is highly misleading and directly contradicts Plaintiff's prior positions with the Court: *i.e.*, while Plaintiff has long *claimed* the existence of a "call-ready" requirement, he has always *defined* his class more broadly. Thus, at the first stage of the case, when Plaintiff obtained conditional class certification, Plaintiff defined his class as *all Riveredge CCRs within the past three years*; he did not limit the class to a subset of allegedly call-ready CCRs. (Docket Entry 45 (Notice Motion) p. 22; Conditional Cert. Oral Argument Transcript p. 8 (Plaintiff's counsel arguing that "notice should go to the entire facility").)[3] Similarly, at the second stage of the case, Plaintiff sought certification of the entire 39-person opt-in class, not a subset of those opt-ins allegedly required to be call-ready. (Docket Entry 163 (Decert. Opp.) p. 1.)

Indeed, Magistrate Judge Davison specifically noted in the R&R that Plaintiff's certification request was *not* limited to phone-based employees or those who had a call-ready requirement. (*See, e.g.*, R&R p. 41 ("While Seward's complaint alleged that the 'primary duty' performed by Seward and the other similarly situated CCRs was 'to field phone calls related to customer service for IBM,' . . . he now seems to characterize the plaintiffs' job duties more broadly, apparently conceding that not all of the plaintiffs who have in fact opted in to this case primarily fielded incoming calls"), p. 40 ("Seward also emphasized the fact that all opt-ins plaintiffs – regardless of whether they worked mostly on fielding incoming calls – all relied on their computers to perform their customer service tasks, even if those tasks included responding to e-mails, performing research, or working on reports"); p. 42 (Seward claimed that "some opt-in plaintiffs needed to be call ready and that other plaintiffs, including those on Sara Cerny's

---

[3] References to "Conditional Cert. Oral Argument Tr." are to the transcript of the oral argument held before District Judge Karas on Plaintiff's Notice Motion, relevant excerpts of which are attached to the Declaration of Craig S. Friedman submitted herewith.

Pended QSAR team, also had 'to have the computer up' and 'have [their] applications launched . . .before [their] workday starts).)  In short, Plaintiff's newly invented contention that he has always limited his proposed class to call-ready CCRs contradicts his prior positions and representations to the Court and further demonstrates that the Reply should be struck.  *Fils-Aime v. Chase Manhattan Bank, N.A.*, 1999 WL 816184, at *2 (S.D.N.Y. Oct. 13, 1999) ("to allow [plaintiff] to circumvent an adverse determination below by suddenly alleging facts that completely contradict what she alleged [to magistrate judge] would undermine both the efficient use of judicial resources and those very equitable principles on which she seeks to rely").[4]

Plaintiff next cites to briefs (Exhs. B, C) and excerpts from rulings in *Burch v. Qwest Comm'cns Int'l. Inc.*, 677 F. Supp. 2d 1101, 1122-23 (D. Minn. 2009), and *Russell v. Ill. Bell Tel. Co.*, 721 F. Supp. 2d 804, 813-14 (N.D. Ill. 2010), to argue that Magistrate Judge Davison should have certified a subclass.  This is yet another example of Plaintiff asserting a new argument well beyond the time for properly doing so.  Despite extensive discussion of these cases in decertification briefing (Decert Opp. pp. 5, 11, 12, 13, 16, 17, 18, 21 24) and at oral argument (Docket Entry 173-1 (Decert Oral Argument Tr.) pp. 32-33), Plaintiff never relied on them to advocate for a subclass.

Plaintiff also argues (Reply pp. 6-7) that "IBM attempts to concoct differences among the call-ready CCRs by claiming that some of them were subject to a staggered shift or that a redundant call center could take their calls," which Plaintiff says "flies in the face" of the

---

[4] A subclass defined as "call-ready" opt-ins would be impermissible in all events.  Because for a number of opt-ins the issue of whether they were required to be "call-ready" is disputed (*see, e.g.*, R&R pp. 28-29), highly individualized adjudication would be required just to determine who fell within the subclass.  *See In re Initial Public Offering Secs. Litig.*, 471 F.3d 24, 44-45 (2d Cir. 2006) (reversing district court and finding that class certification should be denied due to "the need for numerous individualized determinations of class membership"); *Hnot v. Willis Holdings Group*, 228 F.R.D. 476, 481 (S.D.N.Y. 2005) ("The class that plaintiffs seek to certify must be readily identifiable so that the court can determine who is in the class, and thus, who is bound by the ruling.").

Lambousis email.  But this is an argument that Plaintiff actually *disavowed* in his Objections, in which he stated that he was *not* challenging Magistrate Judge Davison's conclusion that the expectations reflected in the Lambousis email did not extend to any plaintiffs other than those on Lambousis' team.  (Objections p. 5; R&R p. 44.)  As Plaintiff well knows, because their declarations expressly state as much, the managers who utilized staggered shifts and a sister call center to avoid the need to have CCRs call-ready did not report to Lambousis and, further, Lambousis had no authority over their teams.  (*See, e.g.* Davis Decl. ¶ 13; Starratt Decl. ¶ 17.)

Most of the remaining evidence cited in the Reply was likewise not presented to Magistrate Judge Davison.[5]  For example, Plaintiff cites (Reply pp. 5-6, Exh. D at p. 103, Exh. H at pp. 32-33) to certain testimony of Opt-Ins Beverly Williams and Marla Armour to argue that, contrary to IBM's representations, these opt-ins were responsible for fielding incoming telephone calls.  This testimony is not in the decertification record.  Further, Magistrate Judge Davison specifically found (consistent with IBM's representation) that these individuals did "not regularly field incoming calls" (R&R p. 9), and Plaintiff did not challenge this finding in his Objections.  Therefore, Plaintiff has waived the right to challenge this finding.  *Marcella v. Capital Dist. Physicians Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002) (failure to object to magistrate judge's findings waives right to do so).

Plaintiff also cites to testimony regarding Opt-Ins Yolanda Brown, Eva Puckett, and Angela Green (Reply pp. 5-6; Exh. D at pp. 11, 109; Exh. F at pp. 113-14; Exh. G at p. 53) concerning whether these individuals were ever subject to a call-ready requirement.  Again, none of the cited testimony was in the record before Magistrate Judge Davison.  And, what is more,

---

[5] In total, Plaintiff cites to ten exhibits (Exs. A-J) that are attached to the declaration of his counsel submitted along with his Reply.  Of these ten, six (Exs. A, B, C, D, F, G) are not part of the decertification record presented to Magistrate Judge Davison.  Portions of three other exhibits (Exs. E, H, I) are likewise not part of the decertification record.

the testimony pertaining to Brown is hearsay, and would not have been considered by Magistrate Judge Davison even if presented.  *See* Fed. R. Ev. 801.

In sum, the Court should reject Plaintiff's attempt to circumvent Rule 72 by submitting a reply that is unauthorized, that continues Plaintiff's tact of asserting new arguments in an attempt to avoid an adverse magistrate judge recommendation, and that is based largely on evidence not in the decertification record.

## CONCLUSION

For the reasons stated here, the Court should grant IBM's Motion To Strike Plaintiff's Reply In Support Of His Appeal And Objections To The Report And Recommendation To Decertify This Case As A Collective Action.

Dated: March 8, 2012

JONES DAY

By:  /s Craig S. Friedman
Matthew W. Lampe
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Matthew W. Ray (*pro hac vice*)
mwray@jonesday.com
Joanne R. Bush (*pro hac vice*)
jrbush@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939

- 7 -

> Deborah A. Sudbury (*pro hac vice*)
> dsudbury@jonesday.com
> Craig S. Friedman
> csfriedman@jonesday.com
> JONES DAY
> 1420 Peachtree Street, N.E.
> Atlanta, Georgia 30309
> (404) 581-3939
>
> Attorneys for Defendant International Business Machines Corporation

ATI-2508579v3