UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES SEWARD, Individually and on Behalf of All Others Similarly Situated,
Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINE CORPORATION,
Defendant.

**MEMORANDUM DECISION**

08 CV 3976 (VB)

Briccetti, J.:

Pending before the Court is Magistrate Judge Davison's Report and Recommendation ("Report"), dated January 20, 2012 (Doc. #170), on defendant International Business Machine Corporation's ("IBM") motion for class decertification (Doc. #144). Plaintiff Charles Seward brings this action against IBM seeking unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Plaintiff seeks to proceed with his claim as a class, on behalf of himself and similarly-situated IBM employees.

On July 21, 2009, the Court (Karas, J.) granted plaintiff's motion for conditional certification to proceed as a class under the FLSA, 29 U.S.C. § 216(b). Pursuant to that decision thirty-nine opt-in plaintiffs joined Seward in this action. On August 15, 2011, IBM moved to decertify the class. Judge Davison recommends that the Court grant IBM's motion. For the following reasons, the Court adopts the Report as the opinion of the Court. IBM's motion to decertify is GRANTED.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The Court presumes familiarity with the factual and procedural background of this case. Plaintiff, who worked as a call center representative at IBM's Riveredge facility in Atlanta, Georgia, alleges he was not compensated for work he was required to perform before his shift started. Specifically, he claims IBM required call center representatives to report to work early to boot up their computers, off the clock, in order to be "call ready" at the beginning of their shifts. Plaintiff was joined in this action by thirty-nine opt-in call center employees who worked in IBM's Riveredge facility and purportedly were required to work off-the-clock prior to the start of their shifts. Judge Davison found that (1) plaintiff did not show "he shares common factual and employment settings with all of the opt-in plaintiffs due to the existence of a 'sufficiently uniform and pervasive' policy requiring off-the-clock work, given the many differences in specific job duties, team functions and structures, managerial expectations, and individual

experiences and understandings among the plaintiffs;" (2) IBM demonstrated its potential defenses were highly fact specific and will likely depend on the testimony of individual plaintiffs and managers; and (3) although representative testimony might be appropriate on some issues, "fairness requires that this collective action be decertified given the various individualized issues presented in the case." Accordingly, Judge Davison found that plaintiff was not similarly situated to all opt-in plaintiffs and recommended that IBM's motion for decertification be granted.

Plaintiff objects to the Report solely on the ground that Judge Davison should have found about half of the call-center opt-ins were similar to plaintiff because IBM required them to be call ready when their shifts began, and therefore, in lieu of decertifying the entire class, should have certified a subclass of similarly-situated, call-ready, opt-in plaintiffs.

IBM argues plaintiff's objection is based on a remedy not sought by either party in the proceedings before Judge Davison. When a plaintiff fails to raise a claim before the magistrate judge, the claim is not properly before the district court and provides no basis for challenging the magistrate judge's proposed findings on the claims raised in the proceeding below. Nelson v. Smith, 618 F. Supp. 1186, 1191 n.5 (S.D.N.Y. 1985); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("[The] district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate."); see also Halpert Enterprises, Inc. v. Harrison, 2008 WL 4585466, at *3 n.1 (2d Cir. Oct. 15, 2008) ("[Given plaintiff's] failure to mention an argument in either its complaint or its memorandum, raising any such claim even explicitly at oral argument would have been to no avail."). "If the Court were to consider formally these untimely contentions, it would unduly undermine the authority of the Magistrate

Judge by allowing litigants the option of waiting until a report is issued to advance additional arguments." Abu-Nassar v. Elders Futures, 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994).

Judge Davison found there was

> [A] close question as to whether [plaintiff] is similarly situated at least to those opt-in plaintiffs who worked on teams or in positions where their predominant responsibility was to field incoming calls, in light of evidence in the record suggesting that there may have been a common expectation that these particular plaintiffs be call ready at the start of their shifts.

Judge Davison therefore considered

> [W]hether IBM's motion should be granted only in part and the scope of the class modified to permit these 'incoming call' plaintiffs to proceed collectively, while decertifying the more individualized claims of those plaintiffs whose primary job duties would not require them to be call ready before their shifts begin.

Judge Davison ultimately rejected this option, however, because "neither party has requested such an approach, and IBM specifically objected to it during oral argument on the ground that it would be unfair at this stage of the litigation." Judge Davison therefore found that plaintiff was not similarly situated to all opt-in plaintiffs as a whole and recommended total decertification.

Plaintiff claims he advocated for certification of a sub-class during oral argument. However, it is clear from the record that Judge Davison raised this issue sua sponte and any advocacy advanced by plaintiff was done in response to questioning by Judge Davison. Moreover, plaintiff's initial response to Judge Davison's inquiry as to whether it might be possible to divide the case into subclasses was: "First of all, I don't think it is necessary." It is clear plaintiff was not seeking to narrow the scope of the class in response to IBM's motion for decertification. Indeed, the Report does not analyze any potential subclass under the three-prong inquiry set forth in Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d 456, 460 (S.D.N.Y. 2011).

Plaintiff also claims IBM would not be prejudiced by the certification of a sub-class. However, plaintiff relies heavily on the testimony of a manager, Jeffrey Granger, to argue a proposed subclass was required to arrive at work early to boot up their computers and perform other functions. But Judge Davison raised doubts as to whether Granger's testimony could establish that the call center employees reporting to Granger were similarly situated. The Report states that IBM "presented substantial evidence demonstrating that several [other] managers, including some who apparently reported to Granger, did not expect or require the opt-in plaintiffs on their teams to be call ready at the start of their shifts . . . ." The Report concludes that the testimony and emails of Granger or other managers were not sufficient to show a common policy, especially in light of plaintiffs' and the other managers' conflicting testimony. In light of this conflicting testimony and IBM's highly fact specific and individualized defenses, the Court finds IBM would be prejudiced if the Court were to consider certifying a sub-class at this stage, without the issue being raised and fully heard before Judge Davison.

Therefore, the Court rejects plaintiff's argument seeking certification of a subclass of opt-in plaintiffs.

Plaintiff does not object to the rest of the Report. The Court has reviewed Judge Davison's thorough and well-reasoned Report and finds no clear error in the record. The Court agrees that plaintiff is not similarly situated to all opt-in plaintiffs on the whole and the factors set forth in Zivali v. AT&T Mobility, LLC, 784 F. Supp. 2d at 460, weigh in favor of decertification.

The Report is therefore adopted as the opinion of the Court. In light thereof, defendant's motion to strike plaintiff's reply memorandum in support of his objections to the Report (Doc. #176), is DENIED as moot.

**CONCLUSION**

Magistrate Judge Davison's Report and Recommendation is hereby adopted in its entirety. Defendant's motion for decertification is GRANTED and the opt-in plaintiffs are dismissed from this case without prejudice.

The Clerk is instructed terminate these motions (Docs. #144, 176).

Dated: March 9, 2012
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge