UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4-29-13

---------------------------------------------------------X

CHARLES SEWARD, Individually, and on Behalf of all Others Similarly Situated,

    Plaintiff,

-against-

INTERNATIONAL BUSINESS MACHINES CORPORATION,

    Defendant.

No. 08 CIV 3976 (VB) (PED)

ECF CASE

STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

Plaintiff Charles Seward ("Seward"), on the one hand, and Defendant International Business Machines Corporation ("IBM"), on the other, together referred to as the "Parties," hereby stipulate and agree as follows:

WHEREAS, on April 28, 2008, Seward filed this case as a collective action lawsuit pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against IBM in the United States District Court for the Southern District of New York, Case No. 08-CV-3976 (VB) (PED);

WHEREAS, in anticipation of Seward's motion for conditional class certification pursuant to 29 U.S.C. § 216(b), the Parties engaged in a period of First-Stage Discovery during which the Parties exchanged written discovery and IBM conducted the depositions of Seward and four opt-in plaintiffs;

WHEREAS, on December 1, 2008, Seward moved for conditional class certification and permission to issue notice pursuant to 29 U.S.C. § 216(b), and, on January 16, 2009, IBM served its opposition to Seward's motion;

WHEREAS, on July 21, 2009, the Court granted Seward's motion to conditionally certify for notice purposes a class defined by Seward as nonexempt call center employees at IBM's

ATI-2557200v1

Riveredge call center facility in Atlanta, Georgia, whose duties primarily consist (or consisted) of providing customer service by telephone in the three years prior to issuance of notice;

WHEREAS, an opt-in period ensued, which resulted in a total of forty-eight individuals joining the case (in addition to Seward);

WHEREAS, subsequently, the Parties stipulated to the dismissal of eight opt-in plaintiffs with prejudice and one opt-in plaintiff without prejudice;

WHEREAS, ultimately, thirty-nine opt-in plaintiffs remained in the case (in addition to Seward);

WHEREAS, on October 27, 2010, in anticipation of IBM's motion to decertify the conditionally-certified class, a period of Second-Phase Discovery commenced;

WHEREAS, during the eight-month period of Second-Phase Discovery, the Parties exchanged written discovery regarding each of the opt-in plaintiffs; IBM conducted the depositions of twenty opt-ins plaintiffs; and Seward conducted the depositions of fifteen IBM managers;

WHEREAS, on August 15, 2011, IBM moved to decertify the conditionally-certified class and, on October 16, 2011, Seward filed his opposition;

WHEREAS, on January 20, 2012, Magistrate Judge Davison issued a report and recommendation to grant IBM's motion to decertify;

WHEREAS, on February 6, 2012, Seward filed objections to Magistrate Judge Davison's report and recommendation to grant IBM's motion to decertify;

WHEREAS, on March 9, 2012, this Court overruled Seward's objections, adopted the report and recommendation in full, granted IBM's motion to decertify, and dismissed the remaining opt-in plaintiffs without prejudice;

WHEREAS, on April 17, 2012, the Parties stipulated to the dismissal with prejudice of any and all individual claims of Seward arising from his employment with IBM on and after June 1, 2008;

WHEREAS, on May 29, 2012, IBM moved for summary judgment as to Seward's claims, and, on June 29, 2012, Seward filed his opposition;

WHEREAS, on January 2, 2013, the Court denied IBM's motion for summary judgment as to Seward's claims;

WHEREAS, the Parties have a bona fide dispute regarding the merits of Plaintiff's claims;

WHEREAS, Seward asserts that he was denied overtime pay under the FLSA and IBM contends that Seward was, at all times, properly paid for overtime work;

WHEREAS, Seward's claims cover the period from April 28, 2005 to June 1, 2008, or 161 weeks, and Seward was paid an average hourly rate of pay of $15.71/hour during this period;

WHEREAS, the Parties have vigorously litigated their claims: Through two separate periods of discovery, both Plaintiff and IBM conducted numerous depositions, the Parties exchanged a significant amount of documents, and the Parties strongly contested the issue of FLSA certification, through conditional certification proceedings and decertification proceedings, as well as the merits of Plaintiff's claims through summary judgment proceedings.

WHEREAS, continued litigation would increase the expense for the Parties, which would likely involve additional discovery in advance of what would be a strongly contested trial followed by possible appeals;

WHEREAS, the Parties desire to fully and finally resolve their dispute without the expense of further litigation;

WHEREAS, toward that end, the Parties engaged in good faith, arms-length settlement discussions, during which both Parties were represented by experienced counsel, and arrived at a reasonable compromise that would fully and finally resolve all issues between the Parties;

WHEREAS, the Parties entered into a Confidential Agreement And General Release ("Settlement Agreement");

WHEREAS, in the Settlement Agreement, Seward agreed to a full release of any and all claims against IBM arising from facts occurring prior to the date of his execution of the Settlement Agreement, including a release of FLSA claims;

WHEREAS, in the Settlement Agreement, IBM agreed to provide Seward with a payment of $5,000.00, less applicable taxes and withholdings;

WHEREAS, in the Settlement Agreement, IBM agreed to provide a one-time lump sum payment in the amount of $65,000.00 to Seward's counsel, and the Parties agreed that such payment will be the full, final, and complete payment of all attorneys' fees and costs associated with this action and the representation of Seward and all opt-in plaintiffs and any and all other individuals in connection with this action;

AND, THEREFORE, this Court orders as follows:

1. The Parties' settlement, including the release of claims under the FLSA, is hereby APPROVED as fair, reasonable, binding, and adequate in all respects.

2. Seward waives and releases any and all rights to appeal in connection with this action, including, but not limited to, any rights to appeal from this Court's order of March 9, 2012, decertifying the conditionally-certified class.

3. IBM's payment to Seward's attorneys referenced above constitutes the full, final, and complete payment of all attorneys' fees and costs associated with this action and the

-5-

representation of Seward and all opt-in plaintiffs and any and all other individuals in connection with this action.

4. IBM waives and releases any and all rights to appeal in connection with this action, including, but not limited to, any rights to appeal from this Court's order of January 2, 2013, denying IBM's motion for summary judgment.

5. Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, this case, and any and all claims that were or could have been asserted by Seward in the case, are hereby DISMISSED WITH PREJUDICE without costs or attorneys' fees to any party, except as provided in the Settlement Agreement and this Stipulation And Order.

IT IS SO AGREED AND STIPULATED.

Dated: April 26, 2013

Erik H. Langeland
ERIK H. LANGELAND, P.C.
500 Fifth Avenue
Suite 1610
New York, New York 10110

Ryan Stephan
James Zouras
STEPHAN ZOURAS LLP
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601

Jon Tostrud
TOSTRUD LAW GROUP, P.C.
1901 Avenue of the Stars
Los Angeles, California 90067

Attorneys for Plaintiff

Matthew W. Lampe
mwlampe@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017

Attorneys for Defendant

-6-

IT IS SO ORDERED

_[signature]_

The Honorable Vincent L. Briccetti
United States District Judge

Dated: April 29, 2013
White Plains, N.Y.